**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4539-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RONALD SANDERS, a/k/a
ZYRON NELSON, DARRELL
NELSON and TARIQ PARHAM,

    Defendant-Appellant.

_____

Submitted January 26, 2021 – Decided February 23, 2021

Before Judges Yannotti and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 05-01-0145 and 05-07-1677 and Accusation No. 05-10-0960.

Joseph E. Krakora, Public Defender, attorney for appellant (Kimmo Abbasi, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caitlinn Raimo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order entered by the Law Division on February 5, 2019, which denied his petition for post-conviction relief (PCR). We affirm.

I.

Defendant was charged under Essex County Indictment No. 05-01-0145 with second-degree conspiracy to possess a controlled dangerous substance (CDS) with intent to distribute, N.J.S.A. 2C:5-2 (count one); third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1) (count two); third-degree possession of a CDS, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count three); third-degree possession of a CDS with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7 (count four); second-degree possession of a CDS with intent to distribute within 500 feet of a public housing facility, a public park, or a public building, N.J.S.A. 2C:35-7.1 (count five); third-degree distribution of a CDS, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count six); third-degree distribution of a CDS within 1000 feet of school property, N.J.S.A. 2C:35-7 (count seven); and second-degree distribution of a CDS within 500 feet of a public housing facility, public park, or public building, N.J.S.A. 2C:35-7.1 (count eight). These charges arose from defendant's possession of heroin or its analogue in Newark on November 20, 2004.

A-4539-18

Moreover, defendant was charged under Essex County Indictment No. 05-07-1677 with third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1) (count one); and third-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count two). These charges arose from defendant's possession of cocaine in Newark on March 22, 2005.

In addition, defendant waived indictment and was charged in Essex County Accusation No. 05-10-0960 with third-degree possession of a CDS, N.J.S.A. 2C:35-10 (count one); third-degree of possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) (count two); and third-degree possession of a CDS with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7 (count three). These charges arose from defendant's possession of five decks of heroin in Newark on October 5, 2005.

On November 30, 2005, defendant pled guilty to counts one, four, and seven under Indictment No. 05-01-0145; count two of Indictment 05-07-1677; and count one of Accusation No. 05-10-0960. The State agreed to recommend an aggregate custodial sentence of five years, with twenty-four months of parole ineligibility and dismissal of the other charges.

In his plea colloquy, defendant acknowledged that he signed the plea forms, and stated that he was satisfied with the advice and representation of his

counsel. He provided a factual basis for each offense, admitted that his statements were the truth, and stated that no one had forced him to state the facts relevant to each offense. The judge found, among other things, that defendant entered his pleas freely and voluntarily.

On April 7, 2006, the judge sentenced defendant in accordance with the plea agreement to concurrent terms of five years of incarceration, each with twenty-four months of parole ineligibility. The judge entered judgments of conviction (JOCs) dated April 7, 2006, in each matter. The judge also filed amended JOCs on May 22, 2006 (Accusation No. 05-10-0960) and February 27, 2007 (Indictment No. 05-01-0145).

On January 22, 2018, defendant filed a pro se petition for PCR in the Law Division. The court assigned counsel to represent defendant, and PCR counsel filed a brief in support of the petition along with a certification by defendant. In his certification, defendant stated that Rashad Goodwin, one of his co-defendants under Indictment No. 05-01-0145, had been "planning on signing an [a]ffidavit" in which he admitted that the "drugs" belonged to him.

Defendant asserted that the judge had allowed defendant, Goodwin, and defendant's attorney to go into the jury room to discuss "the case." According to defendant, when Goodwin said he wanted to sign an affidavit exonerating

A-4539-18

defendant, defendant's attorney became "enraged" and burst out of the room. Defendant claimed his attorney told the judge defendant and Goodwin were long-time friends, and the only reason Goodwin was willing to sign the affidavit was so that Goodwin and defendant would not go to jail.

Defendant asserted that the judge said no one would be signing an affidavit, and either defendant and Goodwin accepted the State's plea offers or they would both be going to trial. Defendant stated that, "[u]nder this pressure," he and Goodwin pled guilty, but he claimed he did not want to.

Defendant said that when he was interviewed for the presentence report, he told the interviewer it "felt like" he was being forced to accept the plea offer. He claimed his attorney learned of "these remarks" and told him if he did not retract these statements, the judge would withdraw the plea agreement.

Defendant asserted that his attorney told him there was a "strong possibility" defendant would lose at trial and he could be sentenced to more than forty years in State prison. Defendant claimed his attorney told him "that nothing that took place was illegal" and it was in his "best interest to tell the [j]udge" he did not believe he was being forced to take the plea.

Defendant asserted he learned "recently" that it was "illegal" for his attorney to tell the judge about their conversations. He stated that his

5 A-4539-18

communications with his attorney "should be protected by [the] lawyer-client privilege." He claimed the judge violated various codes of professional conduct. He also stated that recently, he learned the individual who tested drugs for Essex County had "misrepresented his findings in many cases" and certain convictions had thereafter been set aside.

On December 10, 2018, the PCR judge heard oral arguments on the petition and thereafter filed a letter opinion. The judge found the petition was barred by Rule 3:22-12(a)(1) because it had not been filed within five years after the JOCs were entered, and defendant failed to allege sufficient facts to warrant relief from the procedural bar. The judge nevertheless addressed the merits of defendant's claim that he had been denied the effective assistance of counsel.

The judge found an evidentiary hearing was not required to resolve defendant's claims. The judge also found defendant failed to show that his attorney erred in his representation of defendant or that the "alleged error amounted to incompetent representation." The judge filed an order dated February 5, 2019, denying PCR. This appeal followed.

## II.

On appeal, defendant first argues that the PCR court erred by finding that his petition was barred under Rule 3:22-12(a)(1). Defendant contends he

satisfied the requirements of the Rule because he established excusable neglect for his failure to file a PCR petition within five years after the entry of the JOCs.

Defendant claims that at his plea and sentencing, his trial attorney misinformed him as to the law as a "smokescreen" for counsel's wrongful conduct. He asserts that a friend informed him only "recently" that his attorney "may have violated the attorney-client privilege" by informing the judge of the alleged conversation with defendant and Goodwin. He also claims he only learned "recently" that the person who performed drug tests for Essex County "may have . . . falsified reports when processing drugs."

Rule 3:22-12(a)(1)(A) states that a first petition for PCR shall not be filed more than five years after the date of entry of the JOC unless the petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice."

When a defendant files a PCR petition beyond the time prescribed by Rule 3:22-12(a)(1), the court "consider[s] the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v.

Patel, 239 N.J. 424, 448 (2019) (quoting State v. Milne, 178 N.J. 486, 492 (2004)). "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." Milne, 178 N.J. at 492 (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

As stated previously, the trial court entered the JOCs in all three matters on April 7, 2006. The court later filed amended JOCs on May 22, 2006 (Accusation No. 05-10-0960) and February 27, 2007 (Indictment No. 05-01-0145). Defendant did not file his PCR petition until January 2018, which was long after the five years required by Rule 3:22-12(a)(1). Defendant claims his attorney engaged in improper conduct during discussions regarding the plea agreement. Although defendant asserts that he did not know until "recently" that his attorney acted improperly, the PCR judge correctly observed that defendant had ample time to investigate this claim, and his lack of sophistication in the law does not constitute excusable neglect under Rule 3:22-12(a)(1). See State v. Murray, 162 N.J. 240, 246 (2000).

Moreover, as the judge pointed out in his opinion, defendant provided no corroboration for his claim regarding the alleged improper actions of his attorney or the trial judge. The PCR judge described defendant's allegations as

8

"wholly unsupported, wildly unbelievable, and factually inaccurate." The record supports that conclusion.

Similarly, defendant failed to establish a factual basis for his claim that he had been told that the person who tested drugs for Essex County had falsified reports concerning certain drug tests and that this individual may have falsified the reports upon which his charges were based. The PCR judge found this claim was "unsubstantiated by a scintilla of evidence" and was based entirely on defendant's "speculation." The judge noted that defendant had offered no names, evidence, or support for his allegations.

The PCR court correctly found that defendant failed to allege facts showing compelling extenuating circumstances, which are required to overcome the procedural bar in Rule 3:22-12(a)(1). Moreover, because defendant's claims lack merit, he failed to show that enforcement of the procedural bar in Rule 3:22-12(a)(1) would result in a "fundamental injustice."

III.

As stated previously, although the PCR court found that defendant's petition was barred by Rule 3:22-12(a)(1), the court addressed the merits of defendant's claims for ineffective assistance of counsel and denied his request for an evidentiary hearing. On appeal, defendant argues that the PCR court erred

by failing to conduct an evidentiary hearing on his petition. He asserts that he presented a prima facie case of ineffective assistance of counsel. We disagree.

A court should grant an evidentiary hearing on a PCR petition only if the defendant has presented a prima facie case in support of PCR, the court determines there are material issues of disputed fact that cannot be resolved based on the existing record, and a hearing is necessary to resolve the defendant's claims. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354 (2013). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b).

A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-part test established by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668, 687 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under that test, a defendant first "must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. The defendant must establish that the attorney's performance "fell below an objective standard of reasonableness" and that

"counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88.

The defendant also must establish "that the deficient performance prejudiced the defense." Id. at 687. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid.

These principles apply to the representation of an accused in connection with a plea agreement. Hill v. Lockhart, 474 U.S. 52, 58 (1985); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). Therefore, to set aside a guilty plea based on ineffective assistance of counsel, the defendant must show that his counsel's assistance was not "within the range of competence demanded of attorneys in criminal cases," and "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." DiFrisco, 137 N.J. at 457 (alteration in original) (first quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973); then quoting Hill, 474 U.S. at 59).

On appeal, defendant argues he presented a prima facie case of ineffective assistance of counsel because his trial attorney forced him to enter a guilty plea and failed to file certain pre-trial motions that he requested. We are convinced, however, that the record supports the PCR court's determination that defendant failed to present sufficient evidence to raise a prima facie claim of ineffective assistance of counsel.

In his opinion, the PCR judge noted that defendant did not present any evidence to corroborate his claim that his attorney told the trial judge that Goodwin only agreed to sign an affidavit exonerating defendant so they both would not go to jail. The PCR judge also noted that defendant did not present any evidence to support the allegation that the judge stated that no one would be signing an affidavit and defendant and Goodwin were going to accept the State's plea offer or go to trial. The PCR judge further found that defendant's claim that he felt forced to enter into the plea agreement was "wholly unsupported, wildly unbelievable, and factually inaccurate."

The judge pointed out that during the plea colloquy, defendant indicated that he had not been forced to provide the factual basis for his pleas, despite being asked three times whether he had been forced to make those statements. The judge found Goodwin's alleged statements were "so untimely and biased so

12

as to warrant very little weight or consideration." In addition, the judge noted that when he was interviewed for the presentence report, defendant "effectively feigned innocence," but defendant's claim of innocence did not apply to all of the charges.

The judge also noted that in his PCR petition, defendant claimed that on the date of sentencing, his trial counsel falsely informed him that the actions alleged to have taken place in the trial judge's chambers were not illegal, and it was best for defendant to inform the judge he did not feel he had been forced to enter a guilty plea. The judge found that defendant's attorney provided defendant with accurate information, noting that defendant had accepted the State's plea offer before the presentence interview.

The judge also stated that if defendant had asserted at sentencing that he had been forced to accept the plea, the proper remedy would be for defendant to file a motion to rescind the plea. The judge pointed out that defendant did not make such an application at the time he was sentenced or at any time in the many years that passed between the entry of the JOCs and the filing of defendant's PCR petition. The judge added that defendant's claim that his attorney had acted improperly was based "upon the hearsay statements of an unknown individual with whom he has been[] or was incarcerated with."

13

The record fully supports the judge's findings. The judge correctly found that defendant failed to show that his attorney acted improperly or provided ineffective assistance with regard to the plea.

Defendant also claims his attorney was deficient because he failed to file a motion to suppress evidence obtained when he was searched. He claims the search was illegal. He asserts that he was not holding a bag of CDS in plain sight, as the officers claimed.

Where, as here, a defendant alleges ineffective assistance of counsel with respect to his or her attorney's failure to file a suppression motion, "the defendant not only must satisfy both parts of the Strickland test but also must prove that his [or her] Fourth Amendment claim is meritorious." State v. Goodwin, 173 N.J. 583, 597 (2002) (alterations in original) (quoting State v. Fisher, 156 N.J. 494, 501 (1998)). Here, the PCR judge noted that the only evidence defendant had presented in support of this claim was his assertion that Goodwin would have supported defendant's version of the events. The judge found that defendant's assertions "are highly unreliable."

The record supports the PCR court's determination that there was no merit to defendant's claim that his attorney was deficient in failing to file a pre-trial

motion to suppress evidence obtained in the search. Defendant failed to show that his claim regarding the search was meritorious.

Thus, the PCR court correctly determined that defendant did not establish a prima facie case of ineffective assistance of counsel. The PCR court correctly found that defendant was not entitled to an evidentiary hearing on his petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-4539-18